JgFITZSIMMONS, J.
Plaintiff, Mr. Terry Williams, filed a handwritten, pro se petition for damages on April 19, 2001. In paragraph two of his petition, he named defendants, City of Baton Rouge, Baton Rouge City Police, XYZ insurer, and Earl K. Long Hospital. In the same paragraph, he provided address *487 es for each defendant and specifically stated that these were for service. In his prayer at the end of the petition, Mr. Williams requested service on all defendants. On June 4, 2001, Mr. Williams sent a handwritten letter to the Clerk of the 19th Judicial District Court and asked that service be made pursuant to the information “provided in Paragraph 2, in Plaintiff Petition For Damages.” The letter was marked received on June 15, 2001, and filed in the record. On September 14, 2001, the City of Baton Rouge and Baton Rouge City Police Department (Baton Rouge) filed a motion to dismiss for failure to request service on defendants within ninety days, as required by Louisiana Revised Statutes 13:5107D. At a hearing on the motion, counsel for Baton Rouge admitted that, after the filing of the motion, Baton Rouge was served with the original petition and an amending petition. However, Baton Rouge argued that the service effected was well outside the ninety day period mandated by statute. Baton Rouge also explained that if the service information is not “at the bottom as you’re required to do, they don’t serve.”
The trial court agreed with the argument of Baton Rouge. A judgment of dismissal, without prejudice, was signed on November 2, 2001. Plaintiff, Mr. Williams, appealed. We reverse and remand.
“No technical forms of pleading are required” and “[e]very pleading shall be so construed as to do substantial justice.” La. C.C.P. arts. 854 & 865. A pleading “shall designate an address, not a post office box, for receipt of service of all items involving the litigation .... ” La. C.C.P. art. 891A. Specifically, for suits against the state or a political subdivision, service “shall be requested within ninety days of |3the commencement of the action .... ” La. R.S. 13:5107D(1). “If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C) .... ” La. R.S. 13:5107D(2). Article 1672C mandates dismissal for failure to serve timely, “unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.”
The trial court erred in finding that the facts of this particular case required dismissal under Revised Statutes 13:5107D. In his prayer, Mr. Williams “requested” service on the day the original petition was filed, and provided, in paragraph two of his petition, addresses for the named defendants. Subsequently, perhaps in an attempt to direct the clerk of court to the specific location of the addresses for service, Mr. Williams again requested the clerk serve the defendants at the addresses listed in paragraph two of his petition. Although the service instructions were not listed at the customary location, at the bottom of the last page of the original petition, Revised Statutes 13:5107D requires only that a “request” for service be made “within ninety days” of the filing of the suit. By providing a ninety day period for service, the statute obviously does not prohibit service requests being made in places other than the last page of the original petition. Additionally, no party referred to a statute or rule that requires service instructions to appear at the bottom of the last page of a petition.
Mr. Williams’ requests to the clerk of court, in the petition’s prayer and in his letter, were within ninety days of the filing of the April 19, 2001 petition. The letter clearly requested the clerk to serve defendants, including Baton Rouge, at the addresses provided in paragraph two of Mr. Williams’ petition for damages. These requests, though not made at the usual time *488 or in the usual manner, were sufficient to avoid mandatory dismissal under Revised Statutes 13:5107D. At the very least, Uunder the circumstances here, good cause was shown for not dismissing the suit at the time of the motion. See La. C.C.P. art. 1672C.
For these reasons, we reverse the dismissal of the suit and remand for further proceedings. Plaintiff, Mr. Williams, need not re-serve the defendants already served. The costs of the appeal, $1329.41, are assessed to defendants-appellees, City of Baton Rouge and Baton Rouge City Police Department.
REVERSED AND REMANDED.